# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. BARRETT, | 1:09-CV-01047 LJO GSA HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| A. A. LAMARQUE, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**FACTUAL AND PROCEDURAL BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections at California State Prison, Corcoran. He challenges a prison disciplinary hearing held on December 16, 2003, at Salinas Valley State Prison ("SVSP") in which he was found guilty of battery on a peace officer and assessed a 121-day loss of behavioral credits.

According to the Rules Violation Report submitted by Petitioner with the petition, on November 14, 2003, at approximately 6:55 a.m., Correctional Officer E. Sanchez was distributing sack lunches in the "A" Section Lower Tier of SVSP. Sanchez approached Petitioner's cell and

---

[1] This information is derived from the petition for writ of habeas corpus and the documents attached to the petition.

handed Petitioner one of the state-issued sack lunches through the food port. Petitioner stated, "You worthless fucken C/O," and threw the sack lunch at Sanchez, hitting him in the stomach area. On November 18, 2003, Petitioner was given a copy of a the Rules Violation Report and charged with a violation of Title 15, Section 3005(c), of the California Code of Regulations for the specific act of "Battery on a Peace Officer without SBI." Petitioner requested and was assigned an investigative employee. His request for a staff assistant was denied because Petitioner was not illiterate, the complexity of the issues was not such that assistance was necessary, and a confidential relationship was not necessary. See 15 Cal. Code Regs. § 3315(2)(A). The disciplinary hearing was held on December 16, 2003. Petitioner pled not guilty to the charge. The Senior Hearing Officer found Petitioner guilty and assessed him a 121-day credit loss.

Petitioner pursued his administrative appeals but was denied relief at all levels. He also sought habeas corpus relief in the state courts, but those petitions were denied as well.

On March 2, 2009, Petitioner filed the instant federal habeas petition. He presents the following claims for relief: 1) He claims prison officials failed to appoint a staff assistant in violation of 15 Cal Admin. Code §§ 3315(d), 3318(b), and his state and federal due process rights; 2) He contends the Senior Hearing Officer violated 15 Cal. Admin. Code §§ 3320(h) and 3320(j) by permitting staff involved in the hearing to be present during deliberations after Petitioner was ordered to leave the room; and 3) He claims his due process rights were violated when prison officials unlawfully altered the charge against him and found him guilty of an offense that had not been charged.

**DISCUSSION**

I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner's claims for relief arise out of a disciplinary hearing at Salinas Valley State Prison, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a),

2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

## II.  Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 529 U.S. 362 (2000). Under the AEDPA, an application for writ of habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166 (2003), *disapproving the Ninth Circuit's approach in* Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000); Williams, 529 U.S. 362. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." Lockyer, 123 S.Ct. at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Harris v. Nelson, 394 U.S. 286, 290 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765 (1995); Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

III.  Review of Petitioner's Claims

Petitioner contends prison officials violated various state regulations and his due process rights in finding him guilty at the December 16, 2003, disciplinary hearing of battery on a peace officer.  For the following reasons, the petition fails to state a cognizable federal claim, is without merit, and should be denied.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.  Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).

In this case, Petitioner does not dispute that he received the minimum procedural due process protections outlined above, and a review of the Rules Violation Report and supporting documentation shows he received these protections. He was given more than twenty-four hours advance written notice, having been served with a copy of the Rules Violation Report on November 18, 2003, which was well in advance of the December 16, 2003, hearing. He was granted an opportunity and exercised his rights to call witnesses and present documentary evidence. Petitioner requested that Correctional Officer E. Sanchez be called as a witness, and he was. In addition, the investigative employee assigned to Petitioner presented questions and answers that he

1  had asked several staff witnesses on Petitioner's behalf. Finally, the Rules Violation Report shows
2  Petitioner was served with a copy of the written decision on January 2, 2004. Therefore, it is clear all
3  procedural due process requirements were met.

4  In addition, Petitioner does not dispute that the decision was supported by "some evidence."
5  Hill, 472 U.S. at 455. Moreover, the Court does not find the state court determination of the same to
6  be objectively unreasonable. The reporting officer testified that he was struck in the stomach when
7  Petitioner threw his sack lunch at the officer through the food port. Petitioner partially admitted guilt
8  by testifying at the hearing, "I was in pain that morning. I pushed [the] lunch out of the food port. I
9  didn't even know it touched him. If it did, I'm sorry."

10  Petitioner's various claims are not cognizable in a federal habeas action and meritless. The
11  first two grounds claim violations of state procedures. In general, issues of state law are not
12  cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many
13  times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v.
14  Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J.,
15  concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation,
16  may not be corrected on federal habeas"). As discussed above, Petitioner's federal due process rights
17  were met.

18  In his third ground for relief, Petitioner claims he was initially charged and found guilty of
19  refusing to obey court orders; however, he alleges that charge was altered to the underlying charge of
20  battery on a peace officer. The Court has reviewed the Rules Violation Report and finds the claim to
21  be completely without merit. There is only one mention of a finding of guilt based on "Refusal to
22  Obey Orders (window coverings)" and this statement was marked out by the Correctional Lieutenant
23  and replaced with: "Battery on a Peace Officer." The rest of the Rules Violation Report repeatedly
24  refers to the charge of "Battery on a Peace Officer." It is quite clear the single instance was a
25  typographical error that was corrected by the Correctional Lieutenant.

26  In sum, all due process requirements were satisfied, the guilty finding was supported by
27  "some evidence," and Petitioner's several claims are not cognizable and without merit. Accordingly,
28  the petition should be denied.

# RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus be DENIED. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with the Findings and Recommendation, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 1, 2009            /s/ Gary S. Austin
                                 UNITED STATES MAGISTRATE JUDGE